T.C. Memo. 2011-135

UNITED STATES TAX COURT

ESTATE OF EDWARD THOMAS COAXUM, DECEASED,
RONALD COAXUM, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27783-08.                     Filed June 16, 2011.

Ronald Coaxum, for petitioner.

<u>Randall L. Eager</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The respondent issued a notice of
deficiency determining an estate-tax deficiency of $337,193 and a
section 6651(a)(1) failure-to-file addition to tax of $84,298.[1]

---

[1]Unless otherwise indicated, all citations of sections refer
to the Internal Revenue Code of 1986 as amended and in effect for
the date of decedent's death, and all citations of Rules refer to
the Tax Court Rules of Practice and Procedure.

Ronald Coaxum filed a petition for redetermination of the deficiency. After concessions by the parties, several issues remain. They are resolved by the Court as follows: (1) the decedent, Edward Coaxum, retained incidents of ownership in six life insurance policies, rendering their values includable in the value of the gross estate, (2) the value of the annuities owned by the decedent is included in the value of the gross estate, and (3) the estate is liable for the section 6651(a)(1) addition to tax.

### FINDINGS OF FACT

Ronald Coaxum was a resident of South Carolina at the time he filed the petition. The life of the decedent, Edward Coaxum, was insured by seven insurance policies that provided death benefits. One of the policies, the respondent concedes, had no value when the decedent died.[2] These policies were in force when he died. The decedent possessed the power to change the beneficiaries on all six relevant insurance policies until he died.

At his death, the decedent owned annuities with a value of $472,956.

The decedent died on October 15, 2003. His brother, Ronald Coaxum, is the executor of the estate. Ronald Coaxum was required to file an estate-tax return within nine months after

---

[2]The seventh policy was reported on the estate's tax return, but the respondent concedes that it had no value.

the death.[3]  The estate-tax return was not filed until February
27, 2006.

The estate-tax return reported that the values of the six
insurance policies should be included in the value of the gross
estate.  The policies and the values reported on the return were:

| | |
|---|---:|
| Life Insurance Co. of North America | $500,000 |
| Metropolitan Life Insurance Co. | 56,000 |
| Life Insurance Co. of North America | 116,000 |
| State Farm Life Insurance Co. | 51,077 |
| Monumental Life Insurance Co. | 227,500 |
| Metropolitan Life Insurance Co. | 336,000 |

The return reported that the value of annuities includable in the
gross estate was zero.  In the notice of deficiency, the
respondent determined that the six insurance policies should be
included in the value of the gross estate using the values
reported, except that (1) the value of the State Farm Life
Insurance Co. policy should be reduced $2,893 to $48,184 and (2)
the value of the Monumental Life Insurance Co. policy should be
reduced $500 to $227,000.  The notice of deficiency thus stated
that the value of insurance on the decedent's life was
$1,283,184.  The notice of deficiency also determined that the

---

[3]The executor is required to file the return.  Sec.
6018(a)(1).  The return must be filed within nine months after
the date of death, unless the IRS grants an extension.  Secs.
6075(a), 6081.  As the IRS transcript of its transactions with
the estate shows, the IRS did not grant an extension.

annuities owned by the decedent at his death should be included in his gross estate at a value of $472,956. In the petition, as amended, the petitioner claimed, among other things, that the value of the gross estate should not include the value of the insurance policies.

The parties make the following concessions.

•The petitioner concedes that the value of the decedent's real property was underreported by $50,402.

•The petitioner concedes that cash on hand was underreported by $287.

•The petitioner concedes that the actual funeral and administrative expenses incurred by the estate are $5,780, rather than the $288,923 reported on the estate-tax return.

•The respondent concedes that $73,583 of workers' compensation benefits is not an asset of the estate. These benefits were determined in the notice of deficiency to be assets of the estate.

•The respondent acknowledges that estate-tax deductions should be increased by $18,226, the amount of an auto loan that was not deducted on the estate-tax return but that was allowed as a deduction in the notice of deficiency.

•The respondent acknowledges that the value of insurance policies includable in the value of the gross estate does not exceed $1,283,184 (that is, $500,000 + $56,000 + $116,000 + $48,184 + $227,000 + $336,000).

OPINION

I.  The Decedent Retained an Incident of Ownership in Each of the Six Life Insurance Policies.

Section 2042 provides that the value of the gross estate shall include the value of all property (1) to the extent of the amount receivable by the executor as insurance under policies on the life of the decedent and (2) to the extent of the amount receivable by all other beneficiaries as insurance under policies on the life of the decedent with respect to which the decedent possessed at death any of the incidents of ownership.  One incident of ownership is the power to change the beneficiary of the insurance policy.  Sec. 20.2042-1(c)(2), Estate Tax Regs.

The respondent determined that the values of the six policies should be included in the value of the gross estate. Under Rule 142(a)(1), the taxpayer has the burden of proving that determinations in the notice of deficiency are incorrect. Section 7491(a) provides that the burden of proof rests with the IRS if the taxpayer introduces credible evidence, the taxpayer has complied with substantiation requirements, the taxpayer has maintained all required records, and the taxpayer has cooperated with reasonable requests for information.  The preponderance of the evidence demonstrates that the decedent retained the right to change the beneficiaries on the policies until his death. Therefore the allocation of the burden of persuasion is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C.

189, 210-216 (1998).  The values of the policies are included in the value of the gross estate.

II.  <u>The Value of the Annuities Owned by the Decedent Is Included in the Value of the Gross Estate</u>.

At his death, the decedent owned annuities with a value of $472,956.  Section 2039(a) provides that the value of annuities owned by the decedent is included in the value of the gross estate.  Therefore, the value of the annuities owned by the decedent is included in the value of the gross estate.

Before trial, the parties stipulated that

Petitioner maintains that the fair market value of the annuities owned at the date of decedent's death should be excluded from the gross estate for the sole reason that these amounts were reported as taxable income on Lonnie Coaxum's 2004 Amended Federal income tax return and on Lonnie Coaxum's 2005 Federal income tax return.

Lonnie Coaxum is the brother of the decedent.  The petitioner's brief does not press the argument referred to in the stipulation that is quoted above.  The argument is therefore waived.  Instead, the petitioner argues that "decedent's beneficiaries will be allowed a deduction in the amount of Federal estate tax paid on the items of IRD [income in respect of a decedent]."  This is a reference to the deduction potentially allowed by section 691(c) to Lonnie Coaxum in calculating his income-tax liability.  We do not have jurisdiction to determine the income-tax liability of Lonnie Coaxum.  Therefore, we do not have

jurisdiction to determine that Lonnie Coaxum is entitled to a section 691(c) deduction.

III. The Estate Is Liable for the Section 6651(a)(1) Addition to Tax.

Section 6651(a)(1) imposes an addition to tax for failing to file a required return by the prescribed filing date. The respondent has made a prima facie case that the addition to tax is appropriate. See sec. 7491(c) (IRS has burden of producing evidence, also known as presenting a prima facie case, that the addition to tax is appropriate). The petitioner has not overcome the prima facie case. Nor has the petitioner satisfied the burden of persuading the Court that the failure to timely file the return was "due to reasonable cause and not due to willful neglect". See sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. 438, 447 (2001) (taxpayer has burden of persuasion to show reasonable cause). The addition to tax is equal to five percent of the amount required to be shown on the return for each month the return is late, up to a maximum of 25 percent. Sec. 6651(a)(1), (b)(1). The return was filed more than five months late. Therefore the addition is equal to 25 percent of the net estate tax due. Because the respondent conceded some of the

positions taken in the notice of deficiency, the net estate tax due must be recomputed under Rule 155.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.